UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BLEIBERG ENTERTAINMENT,       )
                              )
        Plaintiff,             )
                              )   No. 3:13-CV-129
v.                            )   (VARLAN/GUYTON)
                              )
DOES 1-41,                    )
                              )
        Defendants.            )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Sever and Dismiss Claim Against Defendant as Improperly Joined, to Quash Subpoena Seeking Defendant's Identifying Information, and for Defendant's Attorney's Fees Pursuant to 17 U.S.C. § 505 [Doc. 20] filed by Defendant Doe 4. Therein, Doe 4 moves the Court to sever and/or dismiss Doe 4 from this case based upon improper joinder. Further, Doe 4 argues that the subpoena seeking his identifying information should be quashed, and finally, Doe 4 moves the Court to award him attorney's fees incurred in connection with filing his motion pursuant to 17 U.S.C. § 505.

After the instant motion was filed, the Plaintiff filed a Notice of Dismissal [Doc. 22], which voluntarily dismissed all defendants in this case except Doe 4. Thus, Plaintiff responds to Plaintiff's motion by arguing that the prayers for severance and dismissal are moot. [Doc. 23]. Further, Plaintiff argues that Doe 4 has not identified himself, and therefore, he lacks standing.

Finally, Plaintiff maintains that Doe 4 has not demonstrated grounds for quashing the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Doe 4 replies that the Court should grant the requested relief despite the Plaintiff's non-suit. [Doc. 24]. Doe 4 argues that Plaintiff's standing argument should be rejected outright, but he has also attached a copy of the subpoena sent to his internet service provider to demonstrate his standing. Doe 4 argues that the Plaintiff has not properly notified the other Doe Defendants of Plaintiff's voluntary dismissal, because it has only given electronic notice of the dismissal. Doe 4 also argues that the Plaintiff's litigation strategy has denied the Court of filing fees owed to the Court. Additionally, Doe 4 argues that he should be awarded attorney's fees incurred in bringing his motion because he prevailed on this issue.

The Court has considered the parties' positions. The Court finds that the Plaintiff's voluntary dismissal of all defendants other than Doe 4 eliminated Doe 4's basis for arguing improper joinder. Thus, the Court finds that the dismissal rendered Doe 4's request that the Court sever or dismiss the claims in this suit moot. The Court declines to address the Plaintiff's litigation strategy or the filing fees paid to the Court where the request for relief has been rendered moot.

The Court declines to find that Doe 4 is a prevailing party where Doe 4's requests for relief have been rendered moot. The Court cannot say that Doe 4 has prevailed, because there is no basis for finding that the legal relationship between the parties has been altered.

Finally, the Court finds that Doe 4 has failed to demonstrate any basis for quashing the subpoena served upon Doe 4's internet service provider pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure.

Based upon the foregoing, the Motion to Sever and Dismiss Claim Against Defendant as Improperly Joined, to Quash Subpoena Seeking Defendant's Identifying Information, and for Defendant's Attorney's Fees Pursuant to 17 U.S.C. § 505 **[Doc. 20]** is **DENIED.** Counsel for Doe 4 has represented that Doe 4 also filed a *pro se* Motion to Quash [Doc. 19], which was rendered moot by the filing of the later motion. [See Doc. 24 at 2]. Therefore, the *pro se* Motion to Quash **[Doc. 19]** is **DENIED AS MOOT**.

    **IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge